IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

GRADY NIXON III, #182 482          *

     Plaintiff,          *

     v.          *          3:07-CV-517-WKW
                         (WO)

COMMISSIONER RICHARD ALLEN     *
*et al.*,
     Defendants.          *

_____

**ORDER ON MOTION**

Upon consideration of Plaintiff's Motion for Extension of Time, and for good cause,

it is ORDERED that:

1.  Plaintiff's Motion for Extension of Time (Doc. No. 9) is GRANTED;

2.  Plaintiff  is GRANTED an extension from September 5, 2007 to September 21,

20007 to file his amended complaint in accordance with the court's August 22, 2007 order.

To the extent Plaintiff's September 6, 2007 pleading contains a request for

appointment of counsel, the motion shall be denied.   A plaintiff in a civil case has no

constitutional right to counsel. While an indigent plaintiff may be appointed counsel pursuant

to 28 U.S.C. § 1915(e)(1), a  court retains broad discretion in making this decision.  *See*

*Killian v. Holt,* 166 F.3d 1156, 1157 (11th Cir.1999).

Here, the court finds from its review of the complaint that Plaintiff is able to

adequately articulate the facts and grounds for relief in the instant matter without notable difficulty.  Furthermore, the court concludes that Plaintiff's complaint is not of undue complexity and that he has not shown that there are exceptional circumstances justifying appointment of counsel.  *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990).  Therefore, in the exercise of its discretion, the court shall deny Plaintiff's request for appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case.

Accordingly, it is

ORDERED that Plaintiff's  Motion for Appointment of Counsel (Doc. No.  9) is DENIED.[1]

---

[1]In his September 6, 2007 pleading, Plaintiff requests a copy of Local Rule 9.1.  The provisions of this rule, in its entirety, are as follows:

---

Local Rule 9.1
Pro Se Civil Rights and Habeas Corpus Filings.

(a) Every pro se action by an inmate under 42 U.S.C. § 1983 and every pro se petition for the writ of habeas corpus under 28 U.S.C. §§ 2254 and 2255 must be (1) legibly handwritten, printed, or typed on the forms which the Court provides for that purpose (together with appropriate attachments, if necessary), (2) signed under penalty of perjury in accordance with the law, (3) accompanied by a pauper's affidavit (on a court-provided form) if plaintiff seeks to proceed without payment of costs, and (4) completely filled out.

(b) In a case in which an inmate plaintiff is represented by counsel, nothing will be accepted for filing (except a pro se motion for release of counsel) unless it is filed by counsel.

Done, this 7th day of September 2007.


    /s/ Terry F. Moorer                 
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE