IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

GRADY NIXON III, #182 482             *

    Plaintiff,                            *

v.                                    *       3:07-CV-517-WKW

COMMISSIONER RICHARD ALLEN            *
*et al.*,
    Defendants.                           *

_____

**ORDER ON MOTION**

On October 30, 2007 Plaintiff filed a second amended complaint in an effort to comply with previous court orders that he correct various deficiencies with his complaint, as superceded by an amended complaint filed October 11, 2007. In his October 30 pleading, Plaintiff also requests that the court compel the Alabama Department of Corrections to provide him with all his medical records from April 2007 to the present. Plaintiff states that this information is "needed to identify specific factual allegations that are material to each count against defendants." (*Doc. No. 15 at 1*.) Plaintiff also provides the names of a nurse, a doctor, and a physician's assistant. He does not, however, allege or indicate how the conduct and/or actions of these individuals violated his constitutional rights nor does he indicate how the conduct and/or actions of the defendants identified in his October 11, 2007 amended complaint violated his constitutional rights.

Plaintiff is advised that when filing a complaint, it is his responsibility to identify

those persons whom he contends are responsible for alleged violations of his constitutional rights, to identify specific claims relative to actions taken against him by these individuals, to describe with clarity those factual allegations that are material to each specific count against these individuals, and to describe how these persons violated *his* constitutional rights. The court will not, at this juncture, compel non-parties to produce information so that Plaintiff may peruse various documents in hopes of discovering information he feels may support his allegations of error. Rather, at this stage of the proceedings, it is Plaintiff's responsibility to be able to articulate the grounds on which he bases his allegation that his constitutional rights have been violated and to be able to identify with some degree of certainty those persons whom he maintains caused the alleged violations of his constitutional rights and how such persons' conduct and/or actions caused such violations.

Because Plaintiff's complaint, as superceded by his amended complaint, still fails to comply with the court's August 22, 2007 and October 15, 2007 orders (*see Doc. Nos. 8, 14*.), the court concludes that Plaintiff will be granted an opportunity to show cause why this action should not be dismissed until such time as Plaintiff is able to file a complaint which meets the directives contained in the court's August 22, 2007 order and as reiterated in the court's October 15, 2007 order. Such dismissal will be without prejudice to Plaintiff's right to re-file a civil action regarding the matter made the subject of the instant complaint at such time that Plaintiff can adequately prosecute such action.

Accordingly, it is

ORDERED that on or before November 13, 2007 Plaintiff shall SHOW CAUSE why the instant action should not be dismissed for his failure to file an amended complaint which

complies with the directives contained in the court's August 22 and October 15, 2007 orders. Plaintiff is advised that his failure to either file an amended complaint which is in compliance with the court's August 22 and October 15, 2007 orders or to respond to the instant order to show cause will result in a Recommendation that this action be dismissed without prejudice.

It is further ORDERED that Plaintiff's Motion to Compel the Alabama Department of Corrections to Release Medical Records (*Doc. No. 15*) be and is hereby DENIED.

Done, this 1st day of November 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE