IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

GRADY NIXON III, #182 482          *

    Plaintiff,                    *

v.                                 *        3:07-CV-517-WKW
                                                                     (WO)

COMMISSIONER RICHARD ALLEN      *
*et al.*,
    Defendants.                   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this action on June 12, 2007. Upon review of the complaint, the court deemed it necessary to direct Plaintiff to amend his complaint which consisted merely of general conclusions of constitutional violations and failed to identify factual allegations material to specific counts lodged against the named defendants. Plaintiff was advised in the court's August 22, 2007 order that his amended complaint filed in compliance with the court's order would supercede the original complaint. (*See Doc. No. 8*.)

Plaintiff submitted an amended complaint on October 11, 2007. (*Doc. No. 13.*) Because it failed to comply with the directives contained in the court's August 22, 2007, the court entered an order on October 15, 2007 again directing Plaintiff to file an amended complaint which complied in full with the directives contained in the August 22 order. (*See Doc. No. 14*.)

On October 30, 2007 Plaintiff filed a second amended complaint in an effort to

comply with previous court orders that he correct various deficiencies with his complaint. In his October 30 pleading, Plaintiff provided the names of a nurse, a doctor, and a physician's assistant, however, he failed to allege or indicate how the conduct and/or actions of these individuals violated his constitutional rights nor had he indicated how the conduct and/or actions of the defendants identified in his October 11, 2007 amended complaint, *i.e.,* Commissioner Richard Allen and Max Correctional Pharmacy Services, violated his constitutional rights. (*See Doc. Nos. 13, 15.*)

Because Plaintiff's complaint, as superceded by his amended complaints, failed to comply with the court's August 22, 2007 and October 15, 2007 orders, the undersigned granted Plaintiff an opportunity to show cause why this action should not be dismissed until such time as he is able to file a complaint which meets the directives contained in the court's August 22, 2007 order and as reiterated in the court's October 15, 2007 order.[1] (*Doc. No. 16.*) The court cautioned Plaintiff that his failure to either file an amended complaint which complied with the court's August 22 and October 15, 2007 orders or to respond to the instant order to show cause would result in a Recommendation that this action be dismissed without prejudice. (*Id.*) The requisite time has passed and Plaintiff has not complied with the order

---

[1] In its November 1, 2007 order, the court advised Plaintiff that when filing a complaint, it is his responsibility to identify those persons whom he contends are responsible for alleged violations of his constitutional rights, to identify specific claims relative to actions taken against him by these individuals, to describe with clarity those factual allegations that are material to each specific count against these individuals, and to describe how these persons violated ***his*** constitutional rights. The court further informed Plaintiff that it is his responsibility to be able to articulate the grounds on which he bases his allegation that his constitutional rights have been violated and to be able to identify with some degree of certainty those persons whom he maintains caused the alleged violations of his constitutional rights and how such persons' conduct and/or actions caused such violations. (*See Doc. No. 16.*)

to show cause nor has he filed an amended complaint which substantially complies with the previous orders of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to prosecute this action and comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **December 10, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 26th day of November 2007.


                          /s/Terry F. Moorer
                          TERRY F. MOORER
                          UNITED STATES MAGISTRATE JUDGE